## J. E. MILLS *v.* JOSEPH RAY ET AL.

Lien for Purchase Money—Waiver of.
> A conveyance, that fails to recite what portion of the consideration was unpaid, will retain no lien on the land embraced therein.

APPEAL FROM MEADE CIRCUIT COURT.

February 8, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The deed from Ray and wife to Miller contains no statement that any part of the purchase money remained unpaid; on the contrary the recital therein that the conveyance was made in consideration of "eight hundred dollars" without stating when or how it was paid the implication would be that the money was all paid then.

The vendors, Ray and wife, having conveyed the land and having failed to state what part of the purchase money was unpaid under

the statute waived their lien, as was held by this court in *Chapman, etc., vs. Stockwell, etc., 18 B. M., 650,* and subsequent cases. Wherefore, so much of the judgment as adjudged to appellee a lien on the land for the satisfaction of his debt is *reversed,* and the cause is remanded with directions to dismiss the petition so far as it seeks to subject the land to sale to enforce the lien, but the personal judgment against appellant is *affirmed.*

*Farleigh, Walker,* for appellant.

*Coale & Johnson,* for appellees.